IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BILLIE JO SZABO,  )
           Plaintiff,  )
   -vs-  )   Civil Action No. 17-1384
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
           Defendant.  )

AMBROSE, Senior District Judge.

**OPINION**
**and**
**ORDER OF COURT**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 15).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Plaintiff filed her applications for benefits alleging she has been disabled since July 3, 2013. (ECF No. 9-7, pp. 2, 9). Administrative Law Judge ("ALJ"), John J. Porter, held a hearing on June 22, 2016. (ECF No. 9-3). Plaintiff appeared *pro*

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

*se. Id.* On June 27, 2016, the ALJ issued a decision finding Plaintiff is not disabled. (ECF No. 9-2, pp. 23-35). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant=s impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **Residual Functional Capacity (RFC)**

In this case, the ALJ determined Plaintiff has the RFC[2] to perform light work with numerous mental and physical limitations. (ECF No. 9-2, p. 28). Plaintiff argues that the ALJ "erred by not basing his findings upon the opinion of any state agency medical consultant or other

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

medical physician…."[3] (ECF No. 12, p. 3). In support of the same, Plaintiff argues, *inter alia,* that the record contains no physical medical opinion evidence upon which to base the RFC. *Id.* at pp. 15-18. As such, Plaintiff argues that the ALJ's decision is mere conjecture and, thus, is not supported by substantial evidence. *Id.* Therefore, Plaintiff asserts remand is appropriate. *Id.* After a review of the record, I agree.

In this case, the ALJ found that Plaintiff had the RFC to perform light work with numerous specific physical exceptions:

> [S]he can lift/carry 20 pounds occasionally and 10 pounds frequently. She can sit six hours and stand and/or walk six hours in a typical workday. She requires the option to do work sitting or standing with a change in positions at maximum frequency every 30 minutes. She can occasionally kneel, crouch, crawl, climb, bend, stoop, and occasionally perform other postural maneuvers.[4]

(ECF No. 9-2, p. 28). In arriving at this RFC, the ALJ acknowledges that there is no physical impairment opinion but suggests that "the evidence as a whole pertaining to treatment for physical impairments does not support a greater level of physical limitations than described in the less than full range of light exertional residual functional capacity." (ECF No. 9-2, p. 32). In other words, there is no other physical opinion evidence of record, state agency or otherwise, regarding Plaintiff's functional abilities upon which the ALJ could have relied upon in forming the RFC for Plaintiff. *Id.* Not always, but "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data." *Moffatt v.*

---

[3] Plaintiff asserts multiple issues. (ECF No. 12, pp. 3-4). I consider this issue first as I believe it to be a threshold issue.

[4]The remaining exceptions pertain to Plaintiff's mental RFC. (ECF No. 9-2, p. 28).

4

*Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted). After a review of the record, I am unable to discern what evidence the ALJ accepted and rejected in limiting Plaintiff to light work with numerous exceptions. As a result, I find the ALJ's opinion is not based on substantial evidence. Consequently, remand is warranted on this basis.

Since I have found that remand is warranted regarding the opinion evidence, the ALJ will be required to fully reassess, *de novo,* Plaintiff's physical and mental limitations/impairments on remand. As a result, Plaintiff's other arguments are moot and I need not consider them at this time. Nonetheless, I take the opportunity to discuss Plaintiff's obesity issue as I find it troubling.

Plaintiff argues that the ALJ erred in failing "to give any consideration to the Plaintiff's severe obesity, alone or in combination with her other impairments." (ECF No. 12, p. 11). As a result, the Plaintiff essentially argues that there is insufficient discussion for this court to make a meaningful review and the case should be remanded. (ECF No. 12, pp. 10-15).

An ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). A severe impairment is one which significantly limits your physical or mental ability to do basic work activities. *Id.* Thus, an impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. §416.920(c).

Social Security Ruling 02-1p provides guidance in assessing how obesity is to be considered. *Diaz v. Commissioner of Social Security*, 577 F.3d 500, 503 (3d Cir. 2009). For example, SSR 02-1p recognizes that "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity." SSR 02-1p makes clear that obesity should be considered at each stage of the sequential analysis. SSR 02-1p expressly notes, "[t]he functions likely to be limited depend on many factors, including where excess weight is carried.

5

An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural functions, such as climbing, balance, stooping, and crouching." *Diaz*, 577 F.3d at 503, n. 2, *quoting,* SSR 02-1p. Given these parameters, an ALJ must "meaningfully consider the effect of a claimant's obesity, individually and in combination with [other] impairments, on her workplace function at step three and at every subsequent step." *Diaz*, 577 F.3d at 504.

In this case, the ALJ found Plaintiff's asthma/chronic obstructive pulmonary disease (COPD) to be severe. (ECF No. 9-2, p. 26). When considering respiratory disorders such as asthma/COPD, an ALJ must also consider the effects of obesity. *See,* 20 C.F.R. Pt. 404, Subpt. P, Appx.1, Listing 3.00.

> Obesity is a medically determinable impairment that is often associated with respiratory disorders. Obesity makes it harder for the chest and lungs to expand, which can compromise the ability of the respiratory system to supply adequate oxygen to the body. The combined effects of obesity with a respiratory disorder can be greater than the effect of each of the impairments considered separately. We consider any additional and cumulative effects of your obesity when we determine whether you have a severe respiratory disorder, a listing-level respiratory disorder, a combination of impairments that medically equals the severity of a listed impairment, and when we assess your residual functional capacity.

*Id.* at Listing 3.00(O). Here, however, the ALJ does not mention, discuss or even acknowledge Plaintiff's obesity. (ECF No. 9-2, pp. 23-35).

While it is true that Plaintiff did not list obesity as an impairment on her applications, the references to her weight and BMI (consistently falling in the obese range) along with the specific designation of "obesity" in her medical records should have been sufficient to alert the ALJ to the impairment, especially in this case where Plaintiff is *pro se.*[5] Yet, the ALJ opinion is utterly silent

---

[5] Plaintiff was *pro se* during the administrative procedure before the ALJ. An ALJ has the duty to fully develop the record to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995). This duty is heightened when a plaintiff is *pro se. Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3d Cir. 1979). In determining whether a claimant is entitled to social security disability benefits, an ALJ

with respect to Plaintiff's obesity.  *Id.*  As a result, the ALJ never made a determination of whether Plaintiff's obesity is severe alone or in combination with her other impairments.  *Id.*  Consequently, there is no analysis of the cumulative impact of Plaintiff's obesity on her RFC.  On remand, the ALJ shall consider Plaintiff's obesity alone and in combination with her other impairments at all steps of the process.

  An appropriate order shall follow.

---

has a "heightened level of care and the responsibility ... to assume a more active role when the claimant is unrepresented." *Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3d Cir. 1979).   Social Security disability determinations are not adversarial but, rather, are investigatory or inquisitorial. *Butts v. Barnhart,* 388 F.3d 377, 386 (2004). To that end, "the ALJ must scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts. Implicit within this 'heightened level of care' is an affirmative obligation to assist the claimant in developing a complete administrative record." *Howe v. Astrue*, No. 12-93, 2013 WL 593975, at *2 (W.D. Pa. Feb. 14, 2013) (citations omitted).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BILLIE JO SZABO,)
)
        Plaintiff,)
)
  -vs-)    Civil Action No.  17-1384
)
NANCY A. BERRYHILL,[6])
COMMISSIONER OF SOCIAL SECURITY,)
)
        Defendant.)

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 20th day of February, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is granted and Defendant's Motion for Summary Judgment (Docket No. 15) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                    BY THE COURT:

                                    s/   Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.